UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ALLAN LANS-SHAVUO,

Plaintiff,

     -against-

CITY OF NEW YORK, ELVIS BADIA, Individually,
CHRISTOPHER HEBERT, Individually, JOHN O'CONNOR,
Individually, JOSEPH TORRES, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

12 CV 3228
(JG) (VVP)

<u>Jury Trial Demanded</u>

     Plaintiff ALLAN LANS-SHAVUO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

<u>**JURISDICTION**</u>

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which a substantial part of the events giving rise to this claim occurred.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff ALLAN LANS-SHAVUO is a twenty-two year old African American man residing in Staten Island, New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants, ELVIS BADIA, CHRISTOPHER HEBERT, JOHN O'CONNOR, JOSEPH TORRES, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     This action arises from the defendants' custom, policy and practice of falsification, and of racial profiling and harassment, resulting in the successive violations of plaintiff's civil rights on April 2, 2011 and March 2, 2012.

**Incident One**

13.     The first incident began on April 2, 2011 at approximately 10:20 p.m.

14.     Plaintiff was a lawful pedestrian on the sidewalk in the vicinity of Prospect Avenue and 163rd Street, Bronx, New York, when the defendant NYPD officers, including but no limited to defendant BADIA, stopped, detained, searched and handcuffed plaintiff, despite lacking reasonable suspicion or probable cause to believe that plaintiff had committed, was committing, or was about to commit any crime or offense.

15.     The defendant officers transported plaintiff to an NYPD police precinct stationhouse and imprisoned him therein.

16.     The defendant officers imprisoned plaintiff until the following day when they released plaintiff, at approximately 8:30 a.m., with a desk appearance ticket, which compelled plaintiff's appearance in Bronx County Criminal Court.

17.     The defendants issued criminal process to plaintiff with malice, and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

3

18.    On or about July 18, 2011, all the false charges levied against plaintiff by the defendant officers were dismissed after the Bronx County District Attorney's Office reviewed the arrest of plaintiff and declined to prosecute him.

19.    Defendant officers BADIA, and JOHN and JANE DOE 1 through 5 either participated in or failed to intervene in the illegal conduct described herein.

**Incident Two**

20.    The second incident began on March 2, 2012 approximately 9:00 p.m.

21.    Plaintiff was a lawful pedestrian on the sidewalk in the vicinity of Castleton Avenue and Treadwell Avenue, Staten Island, New York, when the defendant NYPD officers, including but not limited to defendant HEBERT and TORRES, stopped, detained, searched and handcuffed plaintiff despite lacking reasonable suspicion or probable cause to believe that plaintiff had committed, was committing, or was about to commit any crime or offense.

22.    The defendant officers transported plaintiff to the 120th Police Precinct stationhouse and imprisoned him therein.

23.    The defendants imprisoned plaintiff until March 3, 2012, at approximately 9:30 p.m., when plaintiff was released from the precinct with a desk appearance ticket compelling his appearance in Richmond County Criminal Court on April 3, 2012.

24.    On April 3, 2012, plaintiff appeared in Richmond County Criminal Court and was arraigned on false charges filed against him under Docket No. 2012RI003136, said charges having been filed based on the false allegations of defendant HEBERT.

25.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of

4

authority.

26.    On April 3, 2012, all charges filed against plaintiff were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

27.    Defendant O'CONNOR supervised defendant officers HEBERT, TORRES, and JOHN and JANE DOE 6 through 10, and signed off on, approved of, oversaw, or otherwise participated in the arrest of plaintiff.

28.    Defendant officers HEBERT, O'CONNOR, TORRES, and JOHN and JANE DOE 6 through 10 either participated in or failed to intervene in the illegal conduct described herein.

**As to Incidents One and Two**

29.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on his race, and pursuant to a custom and/or practice of falsification.

30.    The aforesaid events are not isolated incidents.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the legal authority required to detain, search and arrest individuals; improperly abuse their authority to detain, search and arrest individuals, and; engage in falsification, and/or commit perjury, and/or manufacture evidence in an attempt to convict innocent individuals in an effort to cover up their abuse of authority.

31.    Defendant CITY OF NEW YORK is further aware that many NYPD officers

5

disproportionately stop, detain, and search African American men despite lacking a reasonable suspicion or probable cause to do so.

32.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Deprivation of Rights Under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37.    All of the aforementioned acts deprived plaintiff ALLAN LANS-SHAVUO, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States

6

of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.   .

40.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    On each instance set forth herein, the defendants arrested plaintiff ALLAN LANS-SHAVUO without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

44.    Defendants caused plaintiff ALLAN LANS-SHAVUO to be falsely arrested and

unlawfully imprisoned.

45.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unlawful Search under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    On each instance set forth herein, the defendants unreasonably searched plaintiff ALLAN LANS-SHAVUO by searching plaintiff despite lacking reasonable suspicion to believe plaintiff had committed, was committing, or was about to commit any offense.

48.    Defendants caused plaintiff ALLAN LANS-SHAVUO to be subject to an unlawful search thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

49.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.    On each instance set forth herein, the defendants maliciously issued criminal

process against plaintiff ALLAN LANS-SHAVUO by causing him to appear in Criminal Court.

52.     Defendants caused plaintiff ALLAN LANS-SHAVUO to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

53.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     On each instance set forth herein, the defendants seized, detained, searched, arrested and imprisoned plaintiff ALLAN LANS-SHAVUO because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO was deprived of his rights under the Equal Protection Clause of the United States Constitution.

57.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

9

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants had an affirmative duty to intervene on behalf of plaintiff ALLAN LANS-SHAVUO, whose constitutional rights were being violated in their presence by other officers.

60.     On each instance set forth herein, the defendants failed to intervene to prevent the unlawful conduct described herein.

61.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

62.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The supervisory defendants involved in each instance set forth herein personally caused plaintiff ALLAN LANS-SHAVUO's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

10

65.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in falsification; engaging in racially or otherwise maliciously motivated conduct; falsely arresting individuals, unlawfully searching individuals, and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals or for other unlawful reasons, including, without limitations, to meet quotas, and/or for overtime compensation.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ALLAN LANS-SHAVUO's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and

conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALLAN LANS-SHAVUO.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALLAN LANS-SHAVUO as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALLAN LANS-SHAVUO as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ALLAN LANS-SHAVUO was seized, falsely arrested and imprisoned.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALLAN LANS-SHAVUO's constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiff ALLAN LANS-SHAVUO of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     To be free from malicious abuse of process;

        D.     To be free from false imprisonment/arrest;

      E.     To receive equal protection under law; and

      F.     To be free from failure to intervene.

75.     As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, two Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

80.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    On each instance set forth herein, defendants arrested plaintiff without probable.

84.    On each instance set forth herein, plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

85.    As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

86.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    On each instance set forth herein, as a result of the foregoing, plaintiff ALLAN LANS-SHAVUO was placed in apprehension of imminent harmful and offensive bodily contact.

90.    On each instance set forth herein, as a result of defendants' conduct, plaintiff ALLAN LANS-SHAVUO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

14

91.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    On each instance set forth herein, defendants made offensive contact with plaintiff without privilege or consent.

94.    As a result of defendants' conduct, plaintiff has suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

96.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    On each instance set forth herein, defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearances in Criminal Court.

98.    Defendants compelled plaintiff's appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

99.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    On each instance set forth herein, the aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

105.    As a result of the aforementioned conduct, on each instance set forth herein plaintiff suffered emotional distress, and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

16

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief, on each instance set forth herein, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

109.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief, on each instance set forth herein, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of plaintiff.

113.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

17

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    On each instance set forth herein, plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    On each instance set forth herein, defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119.    As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to

18

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

120.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.   On each instance set forth herein, as a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

122.   As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

123.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.   On each instance set forth herein, as a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

125.   As a result of the foregoing, plaintiff ALLAN LANS-SHAVUO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALLAN LANS-SHAVUO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 4, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ALLAN LANS-SHAVUO
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ALLAN LANS-SHAVUO,

Plaintiff,

      -against-

CITY OF NEW YORK, ELVIS BADIA, Individually,
CHRISTOPHER HEBERT, Individually, JOHN O'CONNOR,
Individually, JOSEPH TORRES, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------------------X

12 CV 3228
(JG) (VVP)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100
